Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
Youngki Sohn (SBN 283587)
ysohn@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790

Attorneys for Defendant,
J.B. HUNT TRANSPORT, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD AVILEZ an individual, <br><br> Plaintiff, <br><br> v. <br><br> J.B. HUNT TRANSPORT, INC., a corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 5:24-cv-01087-GW-PD <br><br> **DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)** <br><br> DATE: July 15, 2024 <br> TIME: 8:30 a.m. <br> COURTROOM: 10A <br> JUDGE: Hon. David O. Carter |

**DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)**

///

///

///

///

///

# TABLE OF CONTENTS

NOTICE OF MOTION..................................................................................................1

MEMORANDUM OF POINTS & AUTHORITIES ...............................................2

I.    INTRODUCTION..................................................................................2

II.   FACTUAL BACKGROUND ...............................................................3

III.  ARGUMENT ........................................................................................4

    A.   Plaintiff's First, Second, Third, and Fourth Causes of Action Should be Dismissed Pursuant to Federal Rules of Civil Procedure § 12(b)(1). ........................................................4

        1.   Legal Standard ...............................................................4

        2.   Plaintiff Lacks Standing to Assert FEHA Claims in Any Federal or State Civil Court...............................................5

    B.   Plaintiff's First, Second, Third, and Ninth Causes of Action Should be Dismissed under Federal Rules of Civil Procedure § 12(b)(6). ..........................................................8

IV.  CONCLUSION ...................................................................................15

CERTIFICATE OF COMPLIANCE.......................................................................16

# TABLE OF AUTHORITIES

## Cases

*Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ............ 8

*Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) ........................... 8

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990) ............... 8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ........................................... 8

*Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 938 (2017) ................... 11

*Dickson v. Burke Williams, Inc.*, 234 Cal.App.4th 1307, 1314 (2015) ................. 13

*Featherstone v. Southern California Permanente Medical Group*, 10 Cal.App.5th 1150, 1167 (2017) ................................................................................................... 11

*Garay v. Lowes Home Centers, LLC*, No. 1:17-cv-00269-MC, 2017 WL 5473887 *3 (D. Or., Nov. 14, 2017) ................................................................................... 10

*Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ............... 14

*Holland v. Union Pacific Railroad Co.*, 154 Cal. App. 4th 940, 945 (2007) .......... 5

*In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005) ................................... 7

*Intri-Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) ......... 7

*Jianqing Wu v. Special Counsel, Inc.*, 54 F.Supp.3d 48, 55 (D.D.C. 2014) ......... 10

*Johnson v. City of Loma Linda*, 24 Cal.4th 61, 70 (2000) ...................................... 5

*Jones v. Bock*, 549 U.S. 199, 215 (2007) ............................................................... 9

*Jones v. Micron Technology Inc.*, 400 F. Supp. 3d 897, 906 (N.D. Cal. 2019) ...... 4

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ................. 4

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ...................................... 4

*Mahler v. Judicial Council of California*, 67 Cal.App.5th 82, 112 (2021) ............. 9

*Mamou v. Trendwest Resorts, Inc.*, 165 Cal.App.4th 686, 713 (2008) ................. 12

*Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 890 (1985) .......................... 7

*Mollicone v. Universal Handicraft, Inc.*, 16-cv-07322, 2017 WL 440257, at *5 (C.D. Cal. Jan. 30, 2017) ...................................................................................... 4

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) ................................. 8

*Murphy v. Cole*, 40 Cal.4th 1094, 1099 - 1100 (Cal. 2007) ................................. 14

2

DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) (5:24-cv-01087-GW-PD)

*OBG Technical Servs., Inc. v. Northrop Grumman Space & Mission Sys. Corp.*,
503 F. Supp. 2d 490, 503 (D. Conn. 2007)........................................................ 14

*Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App.4th 1607, 1613 (1995) 5

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)................... 9

*Twombly*, 550 U.S. at 555......................................................................... 13

*Voiceone Commc'ns, LLC v. Google Inc.*, No. 12 Civ. 9433(PGG), 2014 WL
10936546, at *7 (S.D.N.Y. Mar. 31, 2014) ........................................... 14

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ...................................... 4

*Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)................................ 4

## Statutes

Cal. Code Regs, tit. 2, § 10005(d) ................................................................. 6

Cal. Code Regs, tit. 2, § 10005(d)(4)............................................................ 6

Cal. Code Regs, tit. 2, § 10005(d). ............................................................... 6

Cal. Code Regs, tit. 2, § 1005(d) ................................................................. 6

Federal Rule of Civil Procedure 12(b)(1) ...................................................... 4

Federal Rules of Civil Procedure § 12(b)(6) ................................................ 8

FEHA. Gov't Code §§ 12940(a)................................................................... 9

Gov't Code § 12926(m)(1) ....................................................................... 10

Gov't Code § 12945.2(a) ..................................................................... 11, 12

Gov't Code § 12945.2(b) .......................................................................... 12

Gov't. Code § 12962(b) ............................................................................ 6

Gov't. Code, §§ 12960, 12965(b) ............................................................... 5

Government Code § 12926(m) .................................................................. 10

Government Code Section 12926................................................................ 11

Government Code Section 12940, subdivision (k)........................................ 13

Government Code Section 12945.2 ........................................................ 11, 12

Government Code Section 12960(c) ........................................................... 6

Labor Code section 226.7 ........................................................................ 14

## Other Authorities

DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) (5:24-cv-01087-GW-PD)

F. R. Civ. P. § 12(b)(1) ........................................................................................... 1

F. R. Civ. P. § 12(b)(6) ........................................................................................... 1

F. R. Civ. P. §§ 12(b)(1) and 12(b)(6) .................................................................... 1

F.R. Civ. P. § 12(b)(1) ............................................................................................. 2

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ......................................... 2

Rule 12(b)(1) ....................................................................................................... 2, 15

**Rules**

Rule 12(b)(6) ........................................................................................................... 15

DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) (5:24-cv-01087-GW-PD)

### **NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on July 15, 2024, at 8:30 a.m., or as soon as thereafter as the parties may be heard, Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt" or "Defendant") will move this Court, at the Ronald Reagan Federal Building and United States Courthouse located at 411 West Fourth Street, Courtroom 10A, Santa Ana, California, 92701-4516, for an order dismissing the first, second, third, and fourth causes of action of the Complaint for jurisdictional deficiency under F. R. Civ. P. § 12(b)(1) on file in this action, and the first, second, third, and ninth causes of action on the grounds that each of these claims fails to state a claim on which relief can be granted pursuant to F. R. Civ. P. § 12(b)(6).

This motion is submitted after the efforts to conduct a conference in accordance with *L.R.* 7-3, which occurred on May 17, 2024 and May 21, 2024, over 7 days before the filing of this motion. Defendant's counsel proposed Plaintiff's counsel an informal settlement, referencing the detailed grounds and arguments under F. R. Civ. P. §§ 12(b)(1) and 12(b)(6) as outlined in Defendant's meet and confer letter and email dated May 17, 2024. The parties were unable to reach a resolution that eliminates the necessity for a hearing.

This motion is based on the Notice of Motion, the Points & Authorities, Christopher C. McNatt, Jr.'s Declaration, all other papers, documents, or exhibits on file or to be filed in this action, and the argument to be made at any hearing on the motion ordered by the Court.

Dated: May 28, 2024                    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP


                                       By: */s/ Christopher C. McNatt, Jr.*
                                           Christopher C. McNatt, Jr.
                                           Attorney for Defendant,
                                           J.B. HUNT TRANSPORT, INC.

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.    INTRODUCTION

Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt" or "Defendant") submits this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion") as to Plaintiff Edward Avilez ("Avilez" or "Plaintiff")'s five causes of action asserting Defendant's violation of California Fair Employment and Housing Act ("FEHA") and California meal and rest period rules.

Plaintiff lacks standing to pursue his FEHA claims under Rule 12(b)(1), as jurisdiction remains with the California Civil Rights Department (CRD). Without the CRD's issuance of the Right-to-Sue Notice, jurisdiction remains with the CRD, and Plaintiff cannot seek judicial remedy for the FEHA claims in any federal or state civil court. Plaintiff's Complaint entirely overlooks whether Plaintiff exhausted administrative remedies by obtaining the Right-to-Sue Notice after filing an administrative complaint regarding Defendant's alleged violation of the FEHA in the first, second, third, and fourth causes of action. Consequently, Plaintiff's FEHA causes of action should be dismissed due to jurisdictional defects.

In addition, Plaintiff's Complaint lacks sufficient facts to support claims of discrimination, harassment, retaliation, and related claims under FEHA in the first, second, and third causes of action. His unspecified injury does not meet the criteria for a physical disability or a medical condition under FEHA, the Complaint only listed the rudimentary elements of a retaliation claim without pertinent facts, and it did not even provide a basic outline of the necessary elements for a harassment claim. Additionally, his claims regarding meal and rest periods in the ninth cause of action are barred by the statute of limitations. Accordingly, the Complaint's first, second, third, fourth, and ninth causes of action should be dismissed either because Plaintiff lacks standing under F.R. Civ. P. § 12(b)(1) or because Plaintiff fails to state a viable claim for these causes of action pursuant to F.R. Civ. P. § 12(b)(6).

DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) (5:24-cv-01087-GW-PD)

## II.   FACTUAL BACKGROUND

Plaintiff allegedly worked as a truck driver at Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt" or "Defendant") from March 1, 2022 through September 23, 2022. Complaint ("Compl.") ¶ 18. Early in his six-month tenure, Plaintiff sustained an unspecified injury that allegedly limited his ability to perform the major life activity of working. Compl. ¶ 34. Plaintiff purportedly provided Defendant with doctor's notes indicating that Plaintiff "desire[d] to continue working in some capacity" despite an unspecified condition, but the note did not suggest medical leave. Compl. ¶ 81.

Plaintiff alleges that, at an unspecified time, Defendant failed or refused to grant him family care leave for an unspecified family member and medical leave for an unspecified health condition, for an unspecified duration. Compl. ¶ 69. Plaintiff alleges that Defendant discriminated and retaliated against him and imposed an adverse employment action on him because he exercised his right to this family care and medical leave under the California Family Rights Act. Compl. ¶¶ 38, 70, 72 - 74.

Plaintiff, a Latino individual, separated from J. B. Hunt at the age of 70. Compl. ¶¶ 27, 37. Plaintiff asserts that he had observed that an African American dispatcher gave loads first to African American truck drivers and younger drivers often took loads when he was not given loads. Compl. ¶¶ 22, 27. Plaintiff claims that he was discriminated against for age and race as these events demonstrated. Compl. ¶¶ 27, 42, 52, 55.

Plaintiff's Complaint claims that he fulfilled administrative prerequisites by filing an administrative complaint and other filings with the California Department of Fair Employment and Housing for his FEHA claims of discrimination, retaliation, failure to prevent discrimination or retaliation, failure to engage in a good faith interactive process, and wrongful termination. Compl. ¶12. However, the Complaint not specify whether Plaintiff timely obtained the CRD's Right-to-Sue Notice necessary for pursuing judicial remedies or whether Plaintiff's counsel had properly served the

DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) (5:24-cv-01087-GW-PD)

administrative complaint to Defendant in compliance with the FEHA. *Id*. Plaintiff acknowledges that Defendant issued written warnings to him during his employment. Compl. ¶¶ 39, 91. Plaintiff, however, asserts that Defendant's written warnings were baseless, and he was wrongfully terminated. Compl. ¶¶ 39, 91.

Additionally, Plaintiff claims that he was not given meal and rest break premiums for "approximately 189 days" "from approximately July 28, 2014 to March 14, 2018." Compl. ¶¶ 129a, 130b.

## III.  ARGUMENT

### A. Plaintiff's First, Second, Third, and Fourth Causes of Action Should be Dismissed Pursuant to Federal Rules of Civil Procedure § 12(b)(1).

#### 1. Legal Standard

"Article III of the Constitution requires that a plaintiff have standing to assert claims in federal court." *Jones v. Micron Technology Inc.*, 400 F. Supp. 3d 897, 906 (N.D. Cal. 2019) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Challenges to "Article III standing implicate a court's subject matter jurisdiction and therefore are properly raised under Federal Rule of Civil Procedure 12(b)(1)." *Id.* (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Federal courts are courts of limited jurisdiction," and "[i]t is presumed that a cause lies outside this limited jurisdiction," unless otherwise shown. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where a challenge is to the plaintiff's standing as alleged, the Court looks only to the allegations in the complaint, and assumes the allegations are true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed." *Mollicone v. Universal Handicraft, Inc.*, 16-cv-07322, 2017 WL 440257, at *5 (C.D. Cal. Jan. 30, 2017).

4

DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) (5:24-cv-01087-GW-PD)

## 2. Plaintiff Lacks Standing to Assert FEHA Claims in Any Federal or State Civil Court.

Plaintiff lacks standing to pursue a civil action for the FEHA claims in any federal or state court because he did not exhaust administrative remedies, which is a prerequisite for initiating a judicial action in a federal or state civil court. "Exhaustion of administrative remedies [for the FEHA claims] is a jurisdictional prerequisite to resort to the courts." *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 70 (2000).

In his Complaint, Plaintiff made an unwarranted legal conclusion that he satisfied the administrative prerequisites with the filings for his FEHA claims with the "Department of Fair Housing and Employment ("DFEH")." First, the FEHA requires more than just filing a complaint to exhaust administrative remedies. Prior to initiating a lawsuit for a violation of the FEHA in a civil court, Plaintiff must satisfy a judicial prerequisite by lodging a 'timely and sufficient' administrative complaint with the CRD (formerly known as DFEH) and subsequently obtaining a "right to sue" notice. Gov't. Code, §§ 12960, 12965(b); *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App.4th 1607, 1613 (1995). In other words, it is incumbent upon "Plaintiff to bear the burden of pleading and proving" that he "timely obtained a right-to-sue notice" as well as "filing of a sufficient complaint with the [CRD]" when pursuing judicial resolution. Cal. Practice Guide: Employment Litigation (The Rutter Group 2022) 16:253, citing *Holland v. Union Pacific Railroad Co.*, 154 Cal. App. 4th 940, 945 (2007) (internal quotations and emphasis omitted).

Here, the Complaint entirely fails to plead whether the CRD issued a timely Right-to-Sue Notice permitting Plaintiff to pursue a civil action based on those FEHA claims. Without the issuance of the Right-to-Sue Notice prior to the initiation of this action, the CRD retains jurisdiction over Plaintiff's FEHA claims in the first, second, third, and fourth causes of action of the Complaint. Federal and state courts do not have jurisdiction over these FEHA claims.

1    Further, the Complaint did not assert that Plaintiff submitted a sufficient CRD

2    complaint in accordance with Cal. Code Regs, tit. 2, § 10005(d),[1] which mandates

3    specific factual details and other requisite information for complaints filed with the

4    CRD. Government Code Section 12960(c) provides that any person aggrieved unlawful

5    practices prohibited by FEHA who may file a complaint with the CRD "shall set forth

6    the particulars of such unlawful practices and contain other information as may be

7    required by the department." In other words, Plaintiff's CRD complaint must satisfy this

8    sufficiency standard before pursuing a judicial remedy, ensuring that it includes all

9    necessary factual details and information as mandated by Cal. Code Regs, tit. 2, §

10   10005(d). Notwithstanding these statutory and regulatory mandates, Plaintiff's

11   Complaint fails to assert that his CRD complaint contains all the necessary facts and

12   information as prescribed by Cal. Code Regs, tit. 2, § 10005(d). This regulation

13   necessitates the CRD complaint to specify certain information, including "the date or

14   dates each alleged act of discrimination, harassment, or retaliation occurred, including

15   the date of the last or most recent alleged act," which is absent even in Plaintiff's

16   Complaint. Cal. Code Regs, tit. 2, § 10005(d)(4).

17   Additionally, the Complaint does not plead whether the mandatory service

18   requirement for Plaintiff's CRD complaint has been fulfilled. Plaintiff's counsel is

19   obligated to ensure that the CRD complaint is properly served upon the allegedly

20   violating employer under the FEHA. Gov't. Code § 12962(b) ("[I]f a person claiming

21   to be aggrieved by an alleged unlawful practice hires or retains private counsel, the

22

23   [1] Cal. Code Regs, tit. 2, § 1005(d) provides that "to obtain an immediate right-to-sue notice, ... an

24   aggrieved person shall file a Right-to-Sue complaint with the department containing the
     following: [among others] (3) a description of the alleged act or acts of discrimination, harassment

25   or retaliation; (4) the date or dates each alleged act of discrimination, harassment or retaliation
     occurred, including the date of the last or most recent alleged act; (5) each protected basis upon

26   which the alleged discrimination or harassment was based; (6) for retaliation complaints, the date
     and type of protected activity in which the complainant engaged; and (7) the complainant's

27   declaration, made under penalty of perjury under the laws of the State of California, that to the
     best of the complainant's knowledge all information stated is true and correct, except matters

28   stated on information and belief, which the complainant believes to be true[....]."

private counsel, and not the department, shall cause the verified complaint filed under the provisions of [the FEHA] to be served upon the employer alleged to have committed the unlawful practice [in a manner allowed by specific provisions of the Code of Civil Procedure.]").

Lastly, the Department of Fair Employment and Housing ("DFEH")'s name changed to the Civil Rights Department ("CRD") in July of 2022. Civil Rights Department                                    Home                                    Page, https://calcivilrights.ca.gov/aboutcrd/#:~:text=In%20July%202022%2C%20the%20Department,business%20establishments%2C%20and%20discrimination%20in (last visited on May 21, 2024). As Plaintiff allegedly filed a wrongful termination claim in his administrative complaint, this filing must have occurred on or after September 23, 2022, the date of his alleged termination, when the "DFEH" filing process had ceased. It cannot be reasonably inferred that Plaintiff completed filing his FEHA claims with the "DFEH" when the DFEH no longer existed.

Accordingly, Plaintiff has failed to meet the jurisdictional prerequisite for initiating his judicial action with the Court as to his first, second, third and fourth causes of action. *Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 890 (1985) ("Having summarized the procedures that an individual must follow within the [CRD], the court stated that "only then may that person sue in the superior court under this part.") (internal citation omitted). The FEHA claims in the first, second, third, and fourth causes of action in the Complaint should be dismissed because Plaintiff did not exhaust administrative remedies, which is a prerequisite for seeking a judicial remedy in any federal and state civil courts.

Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.

1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")). Since Plaintiff did not adhere to the CRD procedures required to exhaust administrative remedies, the FEHA claims in the first, second, third, and fourth causes of action should be dismissed with prejudice for their jurisdictional defects.

### B. Plaintiff's First, Second, Third, and Ninth Causes of Action Should be Dismissed under Federal Rules of Civil Procedure § 12(b)(6).

### 1. Legal Standard

Federal Rules of Civil Procedure § 12(b)(6)[2] is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual

---

[2] Any further regulatory references are to the Federal Rules of Civil Procedure unless otherwise indicated.

1   insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks

2   a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their

3   face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215

4   (2007).

5           In deciding whether to grant a motion to dismiss, the court must accept as

6   true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct.

7   at 1950. A court is not, however, "required to accept as true allegations that are merely

8   conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

9   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

10          **2. Plaintiff's First Cause of Action Should Be Dismissed for It Fails to**

11  **State a Discrimination Claim.**

12          Plaintiff's Complaint fails to provide sufficient legal theories and pertinent

13  facts required to establish the first cause of action for physical disability, medical

14  condition, age, and race discrimination under the FEHA. Gov't Code §§ 12940(a). First,

15  Plaintiff's Complaint infers age and race discrimination from Plaintiff's observations

16  that Defendant's load dispatch protocols were, in practice, giving preference to younger

17  drivers and African American drivers over him, a seventy-year-old Latino driver. This

18  is a typical disparate impact discrimination claim under the FEHA that "a facially

19  neutral employer practice or policy, bearing no manifest relationship to job

20  requirements, in fact had a disproportionate adverse effect on members of the protected

21  class." *Mahler v. Judicial Council of California*, 67 Cal.App.5th 82, 112 (2021).

22          In such a disparate impact case, "the complaint must allege facts or statistical

23  evidence demonstrating a causal connection between the challenged policy and a

24  significant disparate impact on the allegedly protected group." *Id.,* at 114. Plaintiff's

25  Complaint completely lacks this causal connection required for age and racial disparate

26  impact discrimination. Plaintiff's anecdote only reflects his own individual experience

27  and fails to show a significant disproportionate effect on members of the protected class.

28

*Jianqing Wu v. Special Counsel, Inc.*, 54 F.Supp.3d 48, 55 (D.D.C. 2014) (opining that at a minimum, plaintiff was required to proffer "some form of statistical or anecdotal evidence showing that older candidates were being excluded systematically").

Further, the absence of relevant statistical comparisons supporting age and racial discrimination suffices for dismissal of Plaintiff's FEHA discrimination claims based on age and race. *Garay v. Lowes Home Centers, LLC*, No. 1:17-cv-00269-MC, 2017 WL 5473887 *3 (D. Or., Nov. 14, 2017) ("disparate impact claim is properly dismissed at the pleading state when it lacks 'basic allegations' regarding statistical methods and comparison, or 'any other factual material to move the disparate-impact claim over the plausibility threshold'"; the complaint did not "allege how many people [were] employed by [the employer], how many total people ha[d] quit or been fired over the same four-year period, the ages of those who quit or were fired, or any other information that would allow the Court to reasonably connect [the] fifteen terminations [of older workers] to the alleged policy or policies"). Thus, Plaintiff's claim for age and racial discrimination should be dismissed for failure to plead facts to support a cognizable legal theory.

Second, Plaintiff does not plausibly allege the fundamental elements of whether his claimed physical disability is covered by the FEHA. Plaintiff does not assert all the elements and relevant facts required for physical disabilities recognized under the FEHA, as outlined in Government Code § 12926(m). FEHA covers such physical disabilities that limit a major life activity of work only if they affect "the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine." Gov't Code § 12926(m)(1). Plaintiff's Complaint does not present any facts indicating that his alleged work-limiting physical disability affected any of these bodily systems. In short, the Complaint

10

DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) (5:24-cv-01087-GW-PD)

fails to include the essential elements and relevant facts necessary to qualify as a physical disability covered under FEHA.

Additionally, Plaintiff's Complaint does not assert any medical condition as defined by the FEHA. According to Government Code Section 12926, subdivision (i), "medical condition" refers to either health impairments related to cancer or genetic traits like gene or chromosome alterations. The Complaint failed to allege either of these. On the face of the Complaint, Plaintiff's unspecified injury does not qualify as a medical condition covered by the FEHA.

Moreover, the Complaint only claims an unspecified injury for his medical condition or physical disability without specifying any particular work restrictions. "Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the [FEHA]." *Featherstone v. Southern California Permanente Medical Group*, 10 Cal.App.5th 1150, 1167 (2017). "[I]t is insufficient to tell the employer merely that one is disabled or requires an accommodation [for the FEHA liability]." *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 938 (2017). As such, Plaintiff's discrimination cause of action based on age, race, physical disability, and medical condition is not sufficiently pleaded to meet the plausibility threshold.

**3. Plaintiff's Third Cause of Action Should Be Dismissed for It Fails to State a Retaliation Claim.**

Plaintiff's retaliation claim cannot withstand dismissal. Plaintiff erroneously claims that Defendant retaliated against him because he rightfully exercised his right for family care and medical leave under the California Family Rights Act ("CFRA") in this third cause of action. The CFRA is codified by Government Code Section 12945.2. The CFRA imposes stringent restrictions on leave, permitting a total of 12 workweeks only for eligible employees who have completed more than 12 months of service with their employer. Gov't Code § 12945.2(a). Here, Plaintiff was employed as a truck driver

by Defendant "around March 1, 2022," and was separated "around September 23, 2022." Plaintiff's six-month tenure clearly indicates that he did not fulfill the necessary twelve-month service requirement for eligibility for any CFRA leave.

Moreover, Plaintiff's Complaint fails to indicate whether he provided Defendant with the requisite reasonable notice as mandated in Government Code Section 12945.2, subdivision (g). Furthermore, it does not specify whether his request for family care leave pertained to a family member acknowledged by the CFRA, nor does it clarify if he or his family member experienced the "serious health condition" necessary for obtaining CFRA leaves. Gov't Code § 12945.2(b). The Complaint does not specify whether the leave requested by Plaintiff adhered to the twelve-week duration limit outlined in the CFRA. Gov't Code § 12945.2(a). Furthermore, contrary to the Plaintiff's claimed need for medical leave, the doctor's notes allegedly submitted to Defendant did not advise any such leave. Plaintiff's third cause of action simply outlines the basic CFRA factors specified in Government Code Section 12945.2, lacking any relevant facts supporting for each of these factors. Thus, Plaintiff fails to plausibly establish Plaintiff's entitlement for the CFRA leave.

Crucially, the Complaint only offers vague or conclusory assertions concerning other FEHA retaliation elements, such as a substantial retaliatory motive for causing harm or the substantial link between Defendant's action and the damages endured by Plaintiff. *Mamou v. Trendwest Resorts, Inc.*, 165 Cal.App.4th 686, 713 (2008) (There must be a causal link between the retaliatory animus and the adverse action, and there must be a causal link between the adverse action and damages).

In a conclusory manner, Plaintiff's Complaint claims that Plaintiff's use of CFRA leave and Defendant's violation of the CFRA directly caused his termination and the resulting damages. These causations are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Since Plaintiff was ineligible for any CFRA leave, he could not be harmed by not being granted such leave. Furthermore, Defendant did

not breach any provisions of the CFRA, if applicable, by denying leave to Plaintiff, who was not eligible for it. Plaintiff's third cause of action for retaliation consists only of conclusions or bare recitation of the elements of the CFRA and FEHA provisions, failing to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

**4. Plaintiff's Second Cause of Action Should Be Dismissed for It Fails to State a Claim for Failure to Prevent Discrimination, Harassment, and Retaliation.**

Plaintiff's second cause of action unwarrantedly claims that Defendant is liable for failure to prevent discrimination, harassment, and retaliation under Government Code Section 12940, subdivision (k). This second cause of action fails along with the deficient discrimination, retaliation, and harassment claims, as it cannot stand independently without these claims. *Dickson v. Burke Williams, Inc.*, 234 Cal.App.4th 1307, 1314 (2015) ("[C]ourts have required a finding of actual discrimination or harassment under FEHA before a plaintiff may prevail under section 12940, subdivision (k)."). In short, Plaintiff's assertion of Defendant's failure to prevent discrimination, retaliation, and harassment, cannot be sustained without valid underlying claims of discrimination, retaliation, or harassment.

First, Plaintiff's Complaint asserts no legal elements or pertinent facts for harassment under the FEHA. The Complaint does not even include a basic recitation of the elements for harassment. Defendant cannot be held liable for harassment that is not properly alleged but merely labeled as such. The Complaint mentions harassment only in a caption title or through sporadic, conclusory statements claiming that Defendant engaged in harassment.

Second, as previously indicated, Plaintiff does not assert any plausible claims of retaliation or discrimination based on age, race, physical disability, or medical condition which are protected under the FEHA. As the validity of this third cause of action relies on the establishment of discrimination, harassment, and retaliation claims, their pleading deficiencies result in the dismissal of this third claim. In conclusion,

Plaintiff's Complaint failed to state the first, second, and third causes of action asserting Defendant violated the FEHA.

**5. Plaintiff's Ninth Cause of Action Should Be Dismissed for It Fails to State a Claim for Defendant's Meal and Rest Period Violations.**

Plaintiff's ninth cause of action for meal and rest period violations is time-barred, as the alleged violations exceed the statute of limitations. "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *Voiceone Commc'ns, LLC v. Google Inc.*, No. 12 Civ. 9433(PGG), 2014 WL 10936546, at *7 (S.D.N.Y. Mar. 31, 2014); OBG *Technical Servs., Inc. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F. Supp. 2d 490, 503 (D. Conn. 2007). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Ghartey*, 869 F.2d at 162.

In *Murphy v. Cole*, 40 Cal.4th 1094, 1099 - 1100 (Cal. 2007), the California Supreme Court held that the remedy for meal and rest period violations of one additional hour of pay under Labor Code section 226.7 is a wage subject to a three-year statute of limitations. Accordingly, a claim must be filed within three (3) years of the alleged meal and rest period violation.

Here, Plaintiff's ninth cause of action asserts Defendant's meal and rest period violations for "approximately 189 days" "from approximately July 28, 2014 to March 14, 2018." Since Plaintiff's Complaint was filed on February 21, 2024, these claims are time-barred as they have surpassed the three-year statute of limitations. Based on the Complaint, Plaintiff's meal and rest period claim cannot be valid, and thus it should be dismissed.

///

///

1    **IV.    CONCLUSION**

2        For the reasons stated, Plaintiff's first, second, third, and fourth causes of

3    action should be dismissed without leave to amend under Rule 12(b)(1) and the first,

4    second, third and ninth causes of action should be dismissed with prejudice pursuant to

5    Rule 12(b)(6).

6    Dated:  May 28, 2024                    SCOPELITIS, GARVIN, LIGHT, HANSON &

7                                            FEARY, LLP

8

9                                  By:  */s/ Christopher C. McNatt, Jr.*

10                                       Christopher C. McNatt, Jr.

11                                       Attorney for Defendant,
                                         J.B. HUNT TRANSPORT, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) (5:24-cv-01087-GW-PD)

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2      The undersigned, counsel of record for Defendant J.B. Hunt Transport, Inc.,

3 certifies that this brief contains 5,680 words, which complies with the word limit of

4 *L.R.* 11-6-1.

5

6 Dated:  May 28, 2024                    SCOPELITIS, GARVIN, LIGHT, HANSON &

7                                         FEARY, LLP

8

9                                         By:  */s/ Christopher C. McNatt, Jr.*
                                               Christopher C. McNatt, Jr.
10                                             Attorney for Defendant,
                                               J.B. HUNT TRANSPORT, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) (5:24-cv-01087-GW-PD)

### PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On May 28, 2024, I served the foregoing document described as **DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Robert Herrera, Esq.
> roberth@iglowbahchrach.com
> **IGLOW, BACHRACH & HERRERA**
> 1515 North Crescent Heights Blvd.
> Los Angeles, California 90046
> ***(Counsel for Plaintiff, EDWARD AVILEZ)***

√    **(BY MAIL)** I deposited such envelope in the mail at Norwalk, California. The envelope was mailed with postage thereon fully prepaid.

√    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Norwalk, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 28, 2024, at Norwalk, California.

_____
Michelle Lazo

4865-1065-5935, v. 8